UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARY REYNOLDS and ROBERT REYNOLDS,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL, INC. a/k/a PAYPAL CREDIT a/k/a PAYPAL HOLDINGS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:19-cv-00609<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARY REYNOLDS ("Ms. Reynolds") and ROBERT REYNOLDS ("Mr. Reynolds") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PAYPAL, INC. a/k/a PAYPAL CREDIT a/k/a PAYPAL HOLDINGS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiffs are consumers over 18 years-of-age residing in Kendall County, Texas, which is located within the Western District of Texas.

5. Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39).

6. Defendant is a corporation organized under the laws of the State of Delaware that processes online money transfers and offers credit services to consumers throughout the United States. Defendant's registered agent is CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several months ago, Mr. Reynolds obtained a line of credit through Defendant to finance the purchase of personal goods and/or services.

10. Due to financial hardship, Mr. Reynolds fell behind on his scheduled payments to Defendant, thus incurring debt ("subject debt").

11. Around early 2019, Plaintiffs began receiving calls to their cellular phones, (210) XXX-7628 and (210) XXX-3654, from Defendant seeking to collect upon the subject debt.

12. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phones ending in -7628 and -3654. Plaintiffs are and have always been financially responsible for the cellular phones and their services.

13. Defendant has used several phone numbers when placing collection calls to Plaintiffs' cellular phones, including but not limited to: (866) 528-3733, (888) 393-7165, (866) 380-6584, (888) 334-6270, (402) 935-7733, (888) 361-0689, (888) 334-6220, and (888) 393-7158.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

15. During answered calls, Plaintiffs have been subjected to pre-recorded messages, followed by a noticeable pause, causing Plaintiffs to say "hello" several times, before being connected to a live representative.

16. Upon speaking with one of Defendant's representatives, Plaintiffs were informed that it was attempting to collect upon the subject debt.

17. Plaintiffs notified Defendant that they are unable to make payment and demanded that Defendant stop contacting them.

18. Despite Plaintiffs' efforts, Defendant continued to regularly call their cellular phones up until the filing of this lawsuit.

19. Defendant has also placed multiple calls to Plaintiffs' cellular phones during the same day, even after being notified to stop.

20. Plaintiffs have received not less than 50 phone calls from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

22. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phones. The significant pause, lasting several seconds in length, which Plaintiffs have experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts with Plaintiffs after they demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

27. Moreover, Defendant also placed numerous calls to Plaintiffs' cellular phones using pre-recorded messages.

28. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiffs' cellular phones using an ATDS and pre-recorded messages without their consent. Any consent that Plaintiffs may have given to Defendant was specifically revoked by Plaintiffs' demands that it cease contacting them.

29. The calls placed by Defendant to Plaintiffs were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, MARY REYNOLDS and ROBERT REYNOLDS, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiffs restate and reallege paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" and/or a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

36. Defendant violated the TDCA when it continued to call Plaintiffs' cellular phones at least 50 times after they notified it to stop calling. The repeated contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiffs' situation and abiding by their wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

37. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiffs' cellular phones knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.304

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

39. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiffs' cellular phones. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the lawful ability to continue contacting their cellular phones using an automated system absent their consent. Such lawful ability was revoked upon Plaintiffs demanding that Defendant stop calling their cellular phones, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiffs, MARY REYNOLDS and ROBERT REYNOLDS, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 5, 2019                                                   Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim (Lead Attorney) | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Admitted in the Western District of Texas | Admitted in the Western District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |